Daniel Feinberg – CA State Bar No. 135983
Nina Wasow – CA State Bar No. 242047
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
476 9th Street
Oakland, CA  94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: dfeinberg@lewisfeinberg.com
Email: nwasow@lewisfeinberg.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD CLARKE, | Case No. C 09-03467-JAM-DAD |
| Plaintiff, | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, DIRECTING NOTICE TO CLASS, AND SETTING FINAL APPROVAL AND FAIRNESS HEARING** |
| vs. | |
| MICHAEL LINDEMAN, LORRAINE LINDEMAN, DAVID NICKUM, VALLEY AGGREGATE TRANSPORT, INC., the BOARD OF DIRECTORS OF VALLEY AGGREGATE TRANSPORT, INC., and ADMINISTRATION COMMITTEE FOR THE VALLEY AGGREGATE, INC. EMPLOYEE STOCK OWNERSHIP PLAN. | |
| Defendants. | |

Plaintiff, having made an application pursuant to Rule 23(e)[1] for entry of an order (a) preliminarily approving the settlement of the Litigation pursuant to the Stipulation and Agreement of Settlement (the "Settlement") filed on August 24, 2011; (b) approving the form of Class Notice and directing the manner of delivery thereof; and (c) scheduling a hearing to consider the fairness of the Settlement pursuant to Rule 23(e)(2), and upon consideration of the

---

[1] All rule references are to the Federal Rules of Civil Procedure.

1  Settlement,

2          IT IS HEREBY ORDERED THAT:

3          1.      The Settlement is hereby PRELIMINARILY APPROVED as appearing on its
4  face to be fair, reasonable, and adequate and to have been the product of serious, informed, and
5  extensive arms-length negotiations among the Parties.

6          2.      A hearing (the "Final Approval and Fairness Hearing") pursuant to Rule 23(e) is
7  hereby SCHEDULED to be held before the Court on December 14, 2011, at 9:30 a.m. at the
8  United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Courtroom
9  6, Sacramento, California, for the following purposes:

10                 a.      to determine whether the proposed Settlement is fair, reasonable and
11                         adequate and should be approved by the Court;
12                 b.      to determine whether the Order Approving Settlement and Final
13                         Judgment as provided under the Settlement should be entered, and to
14                         determine whether the Released Persons should be released of and from
15                         the Released Claims as provided in the Settlement;
16                 c.      to consider Named Plaintiff's application for an incentive award;
17                 d.      to consider Class Counsel's application for an award of attorney's fees
18                         and expenses; and
19                 e.      to rule upon such other matters as the Court may deem
20                         appropriate.

21         3.      The form of Class Notice appended to the Declaration of Nina Wasow in
22  Support of Plaintiff's Motion for Preliminary Approval as Exhibit 2 is hereby APPROVED.
23  Class Counsel shall mail the Class Notice within seven days of this Order's file stamp date.

24         4.      Any individual or entity who believes he, she, or it is a Class Member and
25  wishes to participate in the Settlement, but does not receive a copy of the Class Notice, may
26  obtain one on written request.  Such persons shall send to Class Counsel, Lewis, Feinberg, Lee,
27  Renaker & Jackson, P.C., 476 9th Street, Oakland, CA 94607, a written request for the Class
28  Notice that contains the following information: (a) the full name of (i) the individual or entity

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT                                     2

PDF created with pdfFactory trial version www.pdffactory.com

making the request and (ii) the employee through whose services the person claims to be a Class Member; (b) the name used by such employee as of the time his or her employment with the Company ended; and (c) the years during which such employee was employed with the Company. The request must be mailed by first-class mail, postage prepaid, and postmarked on or before 30 days following the entry of this Order. Class Counsel shall cause a copy of the Class Notice to be promptly sent by first-class mail, postage prepaid, to each person or entity who submits a timely and complete written request.

5. In the event that a Class Notice sent by mail is returned as undeliverable, Class Counsel shall make reasonable efforts to obtain a valid mailing address as soon as practicable. In any event, such efforts must be completed no less than 60 days before the Final Approval and Fairness Hearing date. Following each search that results in a corrected address, Class Counsel shall promptly resend the Class Notice to the Class Member by first-class mail, postage prepaid.

6. Class Counsel shall file a motion for attorney's fees and expenses no later than September 28, 2011, which shall be heard at the time of the Final Approval and Fairness Hearing.

7. The form and manner of delivery of Class Notice directed hereby meet the requirements of Rule 23(c)(2)(A) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

8. Any person or entity wishing to object to the Settlement, or otherwise to be heard concerning the Settlement at the Final Approval and Fairness Hearing, must timely send a notice of intent to object or appear by first-class mail, postage prepaid, to Class Counsel, Counsel for the Defendants, and the Court. To be considered timely, the notice must bear a postmark no later than thirty-five (35) days after the Class Notice is mailed. The notice must set forth any and all objections to the Settlement and include any supporting papers and arguments. Any person or entity who fails to submit such a timely written notice shall be barred from making any statement objecting to the Settlement, including at said hearing, and shall forever waive his, her, or its objection, except by special permission of the Court. Class Counsel shall file any objections with the Court with the motion for final approval.

PDF created with pdfFactory trial version www.pdffactory.com

9. Plaintiff will file the motion for final approval of the Settlement no later than twenty eight (28) days before the Final Approval and Fairness Hearing.

10. Pending the Court's further review of the Settlement, all proceedings in the Litigation, other than proceedings pursuant to the Settlement, shall be stayed, and all Class Members shall be enjoined from commencing any other action based upon any of the claims at issue in the Litigation.

11. If the Court fails to approve the Settlement, or if the Settlement is terminated at the discretion of any Party due to a material modification, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.  The Parties shall then be restored to their respective positions in the Litigation as of April 10, 2011, except that the trial and pretrial dates previously scheduled in this matter shall be re-set to available future dates on the Court's calendar.  The rights and duties of the Parties shall revert to their status prior to the Settlement, and the Litigation shall continue as if the Settlement had not been reached.  In such event, any order entered by this Court in accordance with the terms of the Settlement shall be treated as vacated.

IT IS SO ORDERED.

Date: 9/21/2011               /s/ John A. Mendez
                               Hon. John A. Mendez
                               United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com