1  Daniel Feinberg – CA State Bar No. 135983
   Nina Wasow – CA State Bar No. 242047
2  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   476 9th Street
3  Oakland, CA  94607
   Telephone: (510) 839-6824
4  Facsimile: (510) 839-7839
   Email: dfeinberg@lewisfeinberg.com
5  Email: nwasow@lewisfeinberg.com

6  *Attorneys for Plaintiff*

**FILED**

**DEC 14 2011**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD CLARKE, | ) | Case No. C 09-03467-JAM-DAD |
| | ) | |
| Plaintiff, | ) | [PROPOSED] **ORDER CERTIFYING** |
| | ) | **CLASS AND GRANTING FINAL** |
| vs. | ) | **APPROVAL OF CLASS ACTION** |
| | ) | **SETTLEMENT** |
| MICHAEL LINDEMAN, LORRAINE | ) | |
| LINDEMAN, DAVID NICKUM, VALLEY | ) | |
| AGGREGATE TRANSPORT, INC., the | ) | |
| BOARD OF DIRECTORS OF VALLEY | ) | |
| AGGREGATE TRANSPORT, INC., and | ) | |
| ADMINISTRATION COMMITTEE FOR | ) | |
| THE VALLEY AGGREGATE, INC. | ) | |
| EMPLOYEE STOCK OWNERSHIP PLAN. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement.

The proposed settlement in this case was preliminarily approved by this Court on September 22, 2011 ("Preliminary Approval Order") (Dkt. No. 55). Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a fairness hearing under Fed. R. Civ. P. 23(e) on December 14, 2011. The Court has reviewed the materials submitted by the parties, and has heard arguments presented at such hearing. For the

reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

    1.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f).

    2.     The proposed Class is so numerous that joinder of all class members is impracticable. Fed. R. Civ. P. 23(a)(1). The Class has approximately 329 members, which satisfies the numerosity requirement. See *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319-20 (9th Cir. 1982), *rev'd on other grounds*, 713 F.2d 503 (9th Cir. 1983); *Aguilar v. Melkonian Enterprises, Inc.*, 2006 WL 3199074, at *3 (E.D. Cal. Nov. 3, 2006).

    3.     "There are questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2), including (1) whether Defendants owed fiduciary duties to the Valley Aggregate Transport, Inc. Employee Stock Ownership Plan ("the ESOP") and its participants; (2) whether Defendants breached their fiduciary duties to the ESOP and its participants; (3) the measure and aggregate amount of losses sustained by the ESOP; and (4) the proper remedy for the ESOP's losses. Thus, there is a "common contention" that is of "such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). *See also In re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005).

    4.     Plaintiff's claims are typical of those of the Class. Fed. R. Civ. P. 23(a)(3). Plaintiff's and absent Class Members' claims all arise from the same acts and omissions allegedly committed by the ESOP's fiduciaries.

    5.     Plaintiff has "fairly and adequately protect[ed] the interests of the class" and will continue to do so. Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are aligned with, not antagonistic to, the interests of the proposed Class. Plaintiff has also shown his ability and willingness to prosecute this action vigorously on behalf of the Class in the litigation to date. Thus, the adequacy requirement is met. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

    6.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(1).

1  Were the Court to adjudicate Plaintiff's claims that Defendants breached their fiduciary duties by
2  causing the ESOP to pay more than fair market value for Valley Aggregate stock, engaging in
3  prohibited transactions, and failing to remedy the breaches of co-fiduciaries, it would, as a
4  practical matter, dispose of the absent Class Members' claims in those regards. *In re Schering*
5  *Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (holding that, because of "the
6  derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under
7  § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1)
8  class, as numerous courts have held"); *see also Colesberry v. Ruiz Food Prods., Inc.*, 2006 WL
9  1875444, at *5 (E.D. Cal. Jun. 30, 2006).

10       7.     Thus, the Court hereby certifies a class of all persons who were participants in the
11  Valley Aggregate Transport, Inc. Employee Stock Ownership Plan on January 9, 2004, or at any
12  time thereafter, and/or beneficiaries of ESOP participants on January 9, 2004, or at any time
13  thereafter. Excluded from the Class are Defendants and their immediate family and legal
14  representatives and assigns of any such excluded persons.

15       8.     Lewis, Feinberg, Lee, Renaker & Jackson, P.C. meets the requirements of Federal
16  Rule of Civil Procedure 23(g). Lewis, Feinberg, Lee, Renaker & Jackson, P.C. is hereby
17  appointed Class Counsel.

18       9.     The notice given to the Class fully and accurately informed Class Members of all
19  material elements of the proposed settlement, constituted the best notice practicable under the
20  circumstances, constituted valid, due and sufficient notice to all Class Members, and complied
21  fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

22       10.    The Settlement Agreement is fair, reasonable and adequate in all respects to the
23  Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure. The uncertainty
24  and delay of further litigation strongly support the reasonableness and adequacy of the
25  Settlement. No Class Member has objected to any aspect of the proposed settlement. The
26  reaction of the Class to the proposed Settlement strongly supports the conclusion that the
27  proposed Settlement is fair, reasonable, and adequate. Accordingly, the Court hereby grants
28  final approval of the Settlement.

11. The Court reserves exclusive and continuing jurisdiction over the class action, the Named Plaintiff, the Class, and the Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, the distribution of Settlement Payments, and this Order.

12. All claims in this action are hereby dismissed with prejudice.

IT IS SO ORDERED.

Date: 12-14-2011

Hon. John A. Mendez
United States District Judge