1  Daniel Feinberg – CA State Bar No. 135983
   Nina Wasow – CA State Bar No. 242047
2  LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
   476 9th Street
3  Oakland, CA  94607
   Telephone: (510) 839-6824
4  Facsimile: (510) 839-7839
   Email: dfeinberg@lewisfeinberg.com
5  Email: nwasow@lewisfeinberg.com

6  *Attorneys for Plaintiff*

7

**FILED**

**DEC 1 4 2011**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  EDWARD CLARKE,                              )  Case No. C 09-03467-JAM-DAD
                                                )
11              Plaintiff,                      )  [~~PROPOSED~~] ORDER CERTIFYING
                                                )  CLASS AND GRANTING FINAL
12      vs.                                     )  APPROVAL OF CLASS ACTION
                                                )  SETTLEMENT
13  MICHAEL LINDEMAN, LORRAINE                  )
14  LINDEMAN, DAVID NICKUM, VALLEY             )
    AGGREGATE TRANSPORT, INC., the             )
15  BOARD OF DIRECTORS OF VALLEY               )
    AGGREGATE TRANSPORT, INC., and             )
16  ADMINISTRATION COMMITTEE FOR               )
    THE VALLEY AGGREGATE, INC.                 )
17  EMPLOYEE STOCK OWNERSHIP PLAN.             )
                                                )
18                                              )
                Defendants.                     )
19                                              )
                                                )
20                                              )

21

22      This matter comes before the Court on Plaintiff's Motion for Final Approval of Class

23  Action Settlement.

24      The proposed settlement in this case was preliminarily approved by this Court on

25  September 22, 2011 ("Preliminary Approval Order") (Dkt. No. 55).  Pursuant to the Court's

26  Preliminary Approval Order and the Notice provided to the Class, the Court conducted a fairness

27  hearing under Fed. R. Civ. P. 23(e) on December 14, 2011.  The Court has reviewed the

28  materials submitted by the parties, and has heard arguments presented at such hearing.  For the

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
[CASE NO. C 09-03467-JAM-DAD]

Case 2:09-cv-03467-JAM-DAD  Document 62  Filed 11/16/11  Page 2 of 4

1   reasons cited on the record as well as those stated hereafter, the Court finds and orders as

2   follows:

3         1.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

4   1331 and 29 U.S.C. § 1132(f).

5         2.     The proposed Class is so numerous that joinder of all class members is

6   impracticable. Fed. R. Civ. P. 23(a)(1). The Class has approximately 329 members, which

7   satisfies the numerosity requirement. See *Jordan v. Los Angeles County*, 669 F.2d 1311, 1319-

8   20 (9th Cir. 1982), *rev'd on other grounds*, 713 F.2d 503 (9th Cir. 1983); *Aguilar v. Melkonian*

9   *Enterprises, Inc.*, 2006 WL 3199074, at *3 (E.D. Cal. Nov. 3, 2006).

10        3.     "There are questions of law or fact common to the class," Fed. R. Civ. P. 23(a)(2),

11   including (1) whether Defendants owed fiduciary duties to the Valley Aggregate Transport, Inc.

12   Employee Stock Ownership Plan ("the ESOP") and its participants; (2) whether Defendants

13   breached their fiduciary duties to the ESOP and its participants; (3) the measure and aggregate

14   amount of losses sustained by the ESOP; and (4) the proper remedy for the ESOP's losses.

15   Thus, there is a "common contention" that is of "such a nature that it is capable of classwide

16   resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). *See also In re Syncor*

17   *ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005).

18        4.     Plaintiff's claims are typical of those of the Class. Fed. R. Civ. P. 23(a)(3).

19   Plaintiff's and absent Class Members' claims all arise from the same acts and omissions

20   allegedly committed by the ESOP's fiduciaries.

21        5.     Plaintiff has "fairly and adequately protect[ed] the interests of the class" and will

22   continue to do so. Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are aligned with, not antagonistic

23   to, the interests of the proposed Class. Plaintiff has also shown his ability and willingness to

24   prosecute this action vigorously on behalf of the Class in the litigation to date. Thus, the

25   adequacy requirement is met. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998);

26   *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d

27   1152, 1162 (9th Cir. 2001).

28        6.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(1).

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT           2
[CASE NO. C 09-03467-JAM-DAD]

1    Were the Court to adjudicate Plaintiff's claims that Defendants breached their fiduciary duties by

2    causing the ESOP to pay more than fair market value for Valley Aggregate stock, engaging in

3    prohibited transactions, and failing to remedy the breaches of co-fiduciaries, it would, as a

4    practical matter, dispose of the absent Class Members' claims in those regards. *In re Schering*

5    *Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (holding that, because of "the

6    derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under

7    § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1)

8    class, as numerous courts have held"); *see also Colesberry v. Ruiz Food Prods., Inc.*, 2006 WL

9    1875444, at *5 (E.D. Cal. Jun. 30, 2006).

10          7.      Thus, the Court hereby certifies a class of all persons who were participants in the

11   Valley Aggregate Transport, Inc. Employee Stock Ownership Plan on January 9, 2004, or at any

12   time thereafter, and/or beneficiaries of ESOP participants on January 9, 2004, or at any time

13   thereafter. Excluded from the Class are Defendants and their immediate family and legal

14   representatives and assigns of any such excluded persons.

15          8.      Lewis, Feinberg, Lee, Renaker & Jackson, P.C. meets the requirements of Federal

16   Rule of Civil Procedure 23(g). Lewis, Feinberg, Lee, Renaker & Jackson, P.C. is hereby

17   appointed Class Counsel.

18          9.      The notice given to the Class fully and accurately informed Class Members of all

19   material elements of the proposed settlement, constituted the best notice practicable under the

20   circumstances, constituted valid, due and sufficient notice to all Class Members, and complied

21   fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

22          10.     The Settlement Agreement is fair, reasonable and adequate in all respects to the

23   Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure. The uncertainty

24   and delay of further litigation strongly support the reasonableness and adequacy of the

25   Settlement. No Class Member has objected to any aspect of the proposed settlement. The

26   reaction of the Class to the proposed Settlement strongly supports the conclusion that the

27   proposed Settlement is fair, reasonable, and adequate. Accordingly, the Court hereby grants

28   final approval of the Settlement.

11.     The Court reserves exclusive and continuing jurisdiction over the class action, the

Named Plaintiff, the Class, and the Defendants for the purposes of supervising the

implementation, enforcement, construction, and interpretation of the Settlement Agreement, the

Preliminary Approval Order, the distribution of Settlement Payments, and this Order.

12.     All claims in this action are hereby dismissed with prejudice.

IT IS SO ORDERED.

Date: _12-14-2011_     _____
                                        Hon. John A. Mendez
                                        United States District Judge